En el Tribunal Supremo de Puerto Rico

| In re: | Querella |
|---|---|
| Lcdo. Víctor A. Vélez Cardona | 99 TSPR 87 |

Número del Caso: CP-1998-0004

Abogados de la Parte Querellante:  Hon. Carlos Lugo Fiol,
                                    Procurador General
                                    Lcda. Cynthia Iglesias Quiñones

Abogados de la Parte Querellada:   Lcdo. Pedro Malavet Vega

Fecha: 6/4/1999

Materia: Querella

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Víctor A. Vélez Cardona          CP-98-4          Conducta
                                                  Profesional


PER CURIAM


San Juan, Puerto Rico, a 4 de junio de 1999

                              I

El Lcdo. Adrián Torres Rodríguez, Fiscal Auxiliar II, y la Sra. Wanda E. Rivera Vélez se quejaron contra el Lcdo. Víctor Vélez Cardona por alegada conducta antiética desplegada como abogado defensor en el caso criminal LICR 96-00332, Pueblo v. Walter Caraballo Vicens.

Según las quejas, el Lcdo. Vélez Cardona, en un escrito de apelación ante el Tribunal de Circuito, hizo alegaciones falsas sobre la conducta e integridad profesional del fiscal Torres Rodríguez, y la reputación de la Sra. Rivera Vélez. Específicamente Vélez Cardona le imputó a Torres Rodríguez tener un

interés no normal en el caso de su cliente, aduciendo como razón tener información de que "existen unas relaciones entre el señor fiscal y la supuesta perjudicada, que no son las relaciones cordiales y comunes que puedan haber en estos casos. La evidencia que tenemos es que ella asiste asiduamente a hablar con el señor Fiscal en privado y que hay comentarios que no son los mejores para el señor Fiscal."

El Lcdo. Vélez Cardona en su contestación aduce que los hechos planteados en la apelación fueron traídos a su consideración por el acusado Walter Caraballo, su esposa y otros, con pleno conocimiento de los mismos.

Luego de la correspondiente investigación e Informe, cumpliendo nuestro mandato, el Procurador General formuló querella imputándole al Lcdo. Vélez Cardona infracciones a los Cánones 15, 18, 19, 29, 30 y 35 de Ética Profesional. Designamos Comisionado Especial al ex-Juez Superior Hon. Arnaldo López Rodríguez. Previa vista evidenciaria, rindió su Informe contra el cual el Procurador General presentó objeción a la valoración ética que el Comisionado Especial hizo sobre la conducta del Lcdo. Vélez Cardona. Resolvemos.

## II

La moderación del lenguaje es uno de los primeros deberes del abogado. Implica evitar la grosería, imputaciones falsas y, sobre todo, alegaciones contrarias a la verdad o desprovistas de una razonable presunción de exactitud. In re Lic. Alfredo Cardona Álvarez, 116 D.P.R. 895 (1986).

Las imputaciones plasmadas en el escrito de apelación firmado por el Lcdo. Vélez Cardona fueron impropias e indebidas. Desatendieron el trato, respeto y consideración debido hacia testigos y litigantes adversos. Canon 15.

El señalamiento del Lcdo. Vélez Cardona en el escrito de apelación, sin prueba, infringió el Canon 18. Insinuaciones de esta naturaleza devalúan la dignidad de su ministerio. In re: Martínez Texidor, 30 de junio de 1992. La abogacía, si bien al decir de Couture "es un debate de pasiones",[1] reclama una defensa "libre de personalismos y posiciones subjetivas que l[a] degradan a vulgar diatriba". García Santiago v. Acosta, 104 D.P.R 321, 323, (1975).

La conducta del Lcdo. Vélez Cardona, además, violentó los valores que inspiran los Cánones 29 y 30 sobre relaciones entre abogados, a saber, abstenerse de "hacer imputaciones falsas que afecten la reputación y el buen nombre de un compañero." A fin de cuentas, la preservación del honor y las buenas relaciones entre abogados es responsabilidad ineludible de toda la profesión legal. En pocas palabras, exige una actitud respetuosa, sincera, y cordial In re: Anca y Marín Báez, 104 D.P.R. 550 (1976); In re: Roldán González 105 D.P.R. 498 (1976); In re: Martínez Texidor, supra.

III

El Procurador General en su Informe y Querella nos llama la atención al hecho de que el recurso apelativo

---

[1] Eduardo J. Couture, Los Mandamientos del Abogado, Ed. Depalma, Buenos Aires.

presentado por el Lcdo. Vélez Cardona ante el Tribunal de Circuito fue desestimado por falta de jurisdicción basado en no haberlo  notificado a su oficina dentro del término reglamentario. Argumenta que el Lcdo. Vélez Cardona incurrió en conducta contraria al Canon 18 al ser negligente en el manejo de la apelación. Tiene razón. Aún cuando fue advertido de su error en la Sentencia del Tribunal de Circuito el 17 de marzo de 1997, el querellado Vélez Cardona presentó un nuevo recurso apelativo ante nos, fundamentado en reglamentos y disposiciones legales obsoletas.

En las circunstancias expuestas, procede imponer como sanción una suspensión de dos (2) meses del ejercicio de la abogacía y la notaría. Queda apercibido, que transgresiones de este tipo o de naturaleza ética serán sancionadas con mayor severidad.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Víctor A. Vélez Cardona          CP-98-4        Conducta
                                                Profesional


SENTENCIA


San Juan, Puerto Rico, a 4 de junio de 1999


Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia suspendiendo al Lcdo. Víctor A. Vélez Cardona del ejercicio de la abogacía y la notaría por el término de dos (2) meses.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo